IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. McGINNIS,<br><br>           Plaintiff,<br><br>    vs.<br><br>COUNTY OF FRESNO, et al.,<br><br>           Defendants. | No. CV-F-08-542 OWW/DLB<br><br>MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDER (Doc. 26), DISMISSING ACTION WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR DEFENDANTS AND TO CLOSE THIS CASE |

By Memorandum Decision and Order filed on September 22, 2008, Plaintiff Michael McGinnis, a licensed attorney proceeding *in pro per*, Plaintiff's Complaint was dismissed with leave to amend; Plaintiff was ordered to file a First Amended Complaint within 30 days of the filing date of the Memorandum Decision and Order.

Plaintiff did not comply with the Memorandum Decision and Order. By motion filed on December 19, 2008, Defendants move to

1

dismiss the action pursuant to Rule 41(b), Federal Rules of Civil Procedure, for failure to comply with a court order. Plaintiff has not filed an opposition or statement of non-opposition as required by Rule 78-230(c), Local Rules of Practice. At the hearing, Plaintiff submitted a handwritten note to the Court stating that he did not object to dismissal of the action.

Before imposing dismissal as a sanction under Rule 41(b) the court must weigh the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions. *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986). Dismissal as a sanction should be imposed only in extreme circumstances. *Id*. Resolution of a Rule 41(b) motion to dismiss usually depends on the third and fifth factors, as the first two usually favor dismissal for violation of a court order, while the fourth factor usually weighs against dismissal, *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004). The Ninth Circuit holds that it "may affirm a dismissal where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

The public's interest in expeditious resolution of this litigation weighs in favor of dismissal of this action. This action was filed on April 21, 2008, almost one year ago. The

The Complaint alleges actions occurring on April 9, 2008 at the Fresno County Jail in which Plaintiff was required to interview his client, Fernando Ponce Garcia, in an interview room subject to being monitored by intercom and video camera.

With regard to the court's need to manage its docket, this factor also weighs in favor of dismissal. The Eastern District of California is one of the busiest district courts in the United States, handling hundreds of cases on an annual basis. Plaintiff's failure to comply with the Memorandum Decision and Order prevents a scheduling conference in this action and prevents the case from proceeding. Plaintiff did not file a First Amended Complaint and has not responded to the motion to dismiss.

The factor of risk of prejudice to the defendants also weighs in favor of dismissal. The Complaint alleges events occurring over almost a year ago. Plaintiff's failure to comply with the Memorandum Decision and Order precludes timely prosecution of this action because no scheduling order can be issued unless the motion to dismiss is resolved on the merits.

With regard to the public policy favoring disposition of cases on their merits, the Ninth Circuit holds that this policy counsels strongly against dismissal and "is particularly important in civil rights cases." *Hernandez*, *supra*, 138 F.3d at 399.

As to the availability of less drastic sanctions, Plaintiff is a practicing lawyer who paid the filing fee to

**commence this action.  Consequently, Plaintiff's failure to comply with the Memorandum Decision and Order may be sanctioned by a monetary penalty.  However, because Plaintiff has not opposed the motion to dismiss and indicated by handwritten note to the Court that he does not oppose dismissal of the action, this factor is irrelevant.**

**For the reasons stated:**

**1.  Defendants' motion to dismiss the action because of Plaintiff's failure to comply with a court order is GRANTED;**

**2.  The action is DISMISSED WITHOUT PREJUDICE;**

**3.  The Clerk of the Court is directed to ENTER JUDGMENT FOR DEFENDANTS and to close this case.**

IT IS SO ORDERED.

**Dated:   March 17, 2009**             /s/ Oliver W. Wanger
                                                            UNITED STATES DISTRICT JUDGE